IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOM FRISCH and BRENDA FRISCH, Husband and wife,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, and TRACY MORTON, an Individual,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 20-cv-00139-CVE-FHM<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**

**Jury Demanded**:　　X Yes　　☐ No

**I.**　　**Summary of Claims**:  Plaintiffs assert a claim against Defendant Allstate Vehicle and Property Insurance under theories of recovery for breach of insurance contract and breach of the duty of good faith and fair dealing.

　　A. Claims to be Dismissed:  Plaintiffs asserted claims against Defendant Tracy Morton for negligent procurement of insurance and constructive fraud / negligent misrepresentation in their *Petition* filed on February 19, 2020.  By agreement of the parties, Defendant Morton will be dismissed without prejudice from this action.

**II.**　　**Summary of Defenses**:  Defendant asserts it handled Plaintiffs' claim in compliance with the duty of good faith and fair dealing, that there is a legitimate dispute in the value of the claim, and that it has not breached the contract of insurance.

　　A. Defenses to be Abandoned: None.

**III.**　　**Motions Pending** (Include Docket Number, Description and Date at Issue)**:**

The parties have agreed to dismiss Defendant Tracy Morton, thus resolving her *Motion to Dismiss* [Doc. 11].  The parties intend to file a Stipulation of Dismissal pursuant to Rule 41(A)(2) contemporaneous with the entry of this Joint Status Report.

IV.  **Stipulations:**

    A.  Jurisdiction Admitted:  X Yes  ☐ No (If no, explain.)

    B.  Venue Appropriate:  X Yes  ☐ No (If no, explain.)

    C.  Facts:  The parties stipulate that:

- Plaintiffs were covered under a Homeowner's Insurance Policy bearing policy no. 000810211680, ("the policy") on or about August 23, 2019;

- Plaintiffs suffered a compensable loss under the terms of the policy on or about August 23, 2019;

- Plaintiffs provided timely notice of the loss at issue to Allstate;

- Plaintiffs have, in all material ways complied with the terms and conditions of the policy.

    D.  Law:

V.  **Proposed Deadlines:**

    A.  Parties to be Added by:  August 1, 2020.

    B.  Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause):  The parties request a discovery deadline of February 1, 2021.  Counsel for both Plaintiffs and Defendant are seasoned litigators in the area of insurance bad faith and have litigated against each other before.  Given the shared experience of counsel, in light of the existing and future obstacles presented by COVID-19, counsel believe that a (9) month discovery deadline is reasonable and appropriate.

    C.  Fact Witness Lists to be Exchanged by:  September 1, 2020.

    D.  Proposed Date for Expert Reports by Plaintiff and Defendant:  November 1, 2020.

VI.  **Fed. R. Civ. P. 26(f) Discovery Plan**

    A.  Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?   ☐ Yes (If yes, explain.)  X No

B. When were or will initial disclosures under Rule 26(a)(1) be made? Within 14 days of the filing of the *Joint Status Report* with the Court.

Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution. Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?  ☐ Yes   X No

D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?
☐ Yes (If yes, explain.)  X No

E. Proposed Number of Fact and Expert Depositions:

1. To be allowed for Plaintiff?  7

2. To be allowed for Defendant?  7

F. Is there a need for any special discovery management order(s) by the Court?
☐ Yes (If yes, explain.)  x No

G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII.  Anticipated Dispositive Motions?**
x Yes (If yes, describe.)   ☐ No

Both parties anticipate filing motions for partial summary judgment after discovery has commenced.

**VIII.  Do all parties consent to trial before the assigned magistrate judge?**   ☐ Yes   x No

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

IX. **Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**
☐ Yes     x No

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

X. **Settlement Plan** (Check one):

x Settlement Conference Requested After:  6 months
    Describe Settlement Judge Expertise Required, If Any:

☐ Private Mediation Scheduled On:

☐ Other ADR (Explain):

☐ ADR Appropriate:
    ☐ Yes
    ☐ No (If no, explain.)

Copy of the Court's ADR Booklet Provided to Clients as Required?

    Plaintiffs:       x Yes      ☐ No

    Defendants:    X Yes      ☐ No

XI. **Does this case warrant special case management?**
☐ Yes (If yes, explain.)     x No

XII. **Do the parties request that the Court hold a scheduling conference?**    ☐ Yes    x No

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

XIII. **Estimated Trial Time:  3-5 Days**

| | |
|---|---|
| Attorney for Plaintiffs: | Jacob L. Rowe, OBA #21797<br>FULMER SILL PLLC<br>1101 N. Broadway Ave., Ste 102<br>Oklahoma City, OK  73103<br>Phone:   (405) 510-0077<br>Fax:    (800) 978-134<br>jrowe@fulmersill.com<br><br>-and-<br><br>George Gibbs, OBA #11843<br>GIBBS, ARMSTRONG, BOROCHOFF, PC<br>601 S. Boulder Ave.<br>Tulsa, OK  74119<br>Phone:  (918) 587-3939<br>Facsimile:  (918) 582-5504<br>ggibbs@gablawyers.com |
| Attorney for Defendants | David B. Donchin, OBA #10783<br>Catherine Alexandra Brady, OBA #31957<br>DURBIN LARIMORE & BIALICK<br>920 N. Harvey<br>Oklahoma City, OK  73102<br>Phone: (405) 235-9584<br>Facsimile: (405) 235-0551<br>ddonchin@dlb.net<br>dlb@dlb.net |